# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv467

| | |
|---|---|
| MICHAEL ARTHUR JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), and a specific Order of Referral of the district court, and upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. The court also has before it plaintiff's Motion to Receive New and Material Evidence. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

**I.     Administrative History**

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the

ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's

decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

    a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

    b.    An individual who does not have a "severe impairment" will not be found to be disabled;

c.  If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process.

### C. The Administrative Decision

At step one, the ALJ found that plaintiff had not performed substantial gainful activity since the date he alleged his disability began, May 1, 2005. Transcript (hereinafter "Tr."), at 20. At steps two and three, the ALJ found that plaintiff had severe impairments consisting of alcoholism with depression, anxiety, and antisocial personality disorder, which were largely in remission when he remains sober, and that his alcoholism, depression, anxiety, and personality disorder met the requirements of the impairments listed in sections 12.04, 12.08, and 12.09 of Appendix 1, Subpart P of Regulation No. 404. Tr., at 21-26. As plaintiff's impairments met a listing, the ALJ found that Plaintiff was disabled. Tr., at 18. The ALJ noted, however, that there

4

was medical evidence of a substance abuse disorder (alcoholism), which required him to further evaluate the extent to which plaintiff's mental and physical limitations would remain if he stopped abusing alcohol. Tr., at 20. When he later conducted such further evaluation, the ALJ found that if plaintiff stopped abusing alcohol, his impairments would not be severe and would not meet or medically equal any listed impairment. Tr., at 26.

The ALJ also found that if plaintiff stopped abusing alcohol, he would have the residual functional capacity (hereinafter "RFC") to perform the full range of heavy work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ then found that if plaintiff stopped abusing alcohol, he would be able to perform his past relevant work. Tr., at 28. Because plaintiff would not be disabled if he stopped abusing alcohol, the ALJ found that plaintiff's alcohol abuse was a contributing factor material to the determination of disability, and thus, that he was not disabled at any time relevant to the decision. Tr. 28.

### D. Discussion

#### 1. Motion to Receive New and Material Evidence

Plaintiff has filed a motion for the court to consider evidence he contends is both new and material. Review of the evidentiary materials submitted reveals that they are medical records that post-date the final decision of the Commissioner.

Unusually, plaintiff does not seek remand under sentence six of 42 U.S.C. § 405(g) in moving to introduce new evidence, but has apparently tendered the proposed new evidence (and other material) under a suggestion that it could prove helpful to the court. Motion to Receive New and Material Evidence, at p. 2. As discussed above, however, the court's review is not *de novo*, and is limited to determining whether the final decision of the Commissioner is supported by substantial evidence.

Turning to the issue of whether the proffer should be considered, the sixth sentence of 42, United States Code, Section 405(g) provides:

> The court may, . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[1] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that

---

[1] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). While it appears that such medical evidence is "new" in the sense that it was developed after the ALJ issued his decision, it does not appear that there is a reasonable possibility that had such evidence been available to the ALJ there would have been a different outcome as there is no relation between the records and the period that was under consideration by the ALJ. Indeed, the medical evidence presented is from an alcoholism-related hospitalization in 2010, some 18 months after the ALJ issued his decision. Plaintiff may be suggesting that the additional medical evidence establishes that his condition has deteriorated; however,

> [a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previous non-disabling condition.

Beliveau rel. Beliveau v. Apfel, 154 F.Supp. 2d 89, 95 (D. Mass. 2001) (*quoting* Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3rd Cir.1984)). While plaintiff argues that such evidence shows a continuation of his symptoms, all that the evidence shows is what the ALJ previously found, to wit, that alcoholism is detrimental to plaintiff's health. Put another way, plaintiff has failed to show how a hospitalization relate to the time period that was being considered by the ALJ.

7

Finally, plaintiff has also mixed into such evidentiary tender a copy of a decision of this court from 1998 as well as a copy of the SOFAS[2] from the DSM-IV. Neither of such constitute "evidence," and the court will simply consider such as exhibits to plaintiff's Memorandum of Law in support of his Motion for Summary Judgment.

The undersigned must, therefore, recommend that such motion be denied as meritless.

### 2. Plaintiff's Assignment of Error

Plaintiff has made the following assignment of error: "ALJ Hild improperly applied 42 USCA 423(d)(2)(c)." Memorandum of Argument (#12), at 5. When determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability, the regulations provide as follows:

> **(b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.**
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or

---

[2] "Social and Occupational Functioning Assessment Scale."

> alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> * * *

20 C.F.R. §§ 404.1535(b)(1) & (2). The ALJ found that plaintiff had severe impairments consisting of alcoholism with depression, anxiety, and antisocial personality disorder, which were largely in remission when he remains sober, and that his alcoholism, depression, anxiety, and personality disorder met the requirements of the impairments listed in sections 12.04, 12.08, and 12.09 of Appendix 1, Subpart P of Regulation No. 404. Tr., at 21-26. When he later conducted such further evaluation, the ALJ found that if plaintiff stopped abusing alcohol, plaintiff's impairments would not be severe and would not meet or medically equal any listed impairment. Tr., at 26. Specifically, the ALJ found as follows:

> If he stopped using alcohol, I find that the claimant would have depression, anxiety, and some antisocial tendency, but that these would cause minimal impairment. The claimant has demonstrated that he functions quite well during periods of sobriety.

Id. Plaintiff has not pointed to any evidence of record that contradicts or even challenges the substantial evidence underlying the ALJ's assessment. Thus, the question becomes whether substantial evidence supports the ALJ's ultimate conclusion that if the claimant stopped his substance abuse, he would be able to perform his past relevant work as a carpenter and cosmetologist. Tr., at 28.

In assessing plaintiff's functional ability while sober, the ALJ relied on plaintiff's own statements concerning his ability to function when sober, as well as the examinations and opinions of numerous psychological experts. As the ALJ noted, state agency consultant Dr. Anthony Carraway evaluated plaintiff on September 21, 2005, and reported minor symptoms even while Plaintiff was abusing alcohol. Tr., at 771-74. Dr. Carraway noted that plaintiff reported drinking two forty-ounce beers before attending the evaluation, Tr., at 771, but he still displayed no short-term memory impairment and only exhibited a mild impairment of immediate memory . Tr., at 773-74. Plaintiff's attention and concentration were intact, and his ability to understand, retain, and perform instructions was not impaired. Tr., at 774. Dr. Carraway opined that plaintiff would be able to perform simple, repetitive tasks. Tr., at 774. The ALJ also noted that psychological expert Michael Penland, Ph.D., made similarly minimal findings in an evaluation he conducted on August 25, 2006. Tr., at 692-697. At the time of the evaluation, plaintiff reported that he had been sober for approximately ten months. Tr., at 692. Specifically, the ALJ noted that although plaintiff had a moderate limitation in social functioning, Dr. Penland opined that plaintiff had the ability to relate to others, including fellow workers and supervisors. Tr., at 27 & 697. Additionally, the ALJ found it significant that Dr. Penland opined that plaintiff could understand, retain, and follow instructions; sustain attention

necessary to perform simple repetitive tasks; and tolerate the stress and pressure of day-to-day work activities. Id.

The ALJ also relied on Plaintiff's reported activities in finding that his ability to maintain attention and concentration would not be significantly impaired if he stopped abusing alcohol. Plaintiff repeatedly mentioned his hobby of building model cars. Tr., at 27, 300, 304, & 951-52. Further, treatment notes from Mountain Laurel Community Services documented that Plaintiff's mood improved with sobriety and treatment. Tr., at 298 & 304.

Plaintiff does not contest the ALJ's finding that, when his alcohol abuse is considered, he is disabled. Instead, he argues that the evidence suggests that even when maintains sobriety, he is still incapable of performing substantial gainful activity. The only evidence plaintiff cites in support of his argument is the additional evidence that cannot be considered for reasons discussed above. While plaintiff mentions that he suffers "increasingly severe physical and mental problems," Memorandum of Argument (#12), at 5-6, he points to no evidence that would undermine the substantial evidence supporting the ALJ's determination that, at the time of decision, plaintiff could perform his past relevant work if he stopped abusing alcohol.

Plaintiff bore the burden of proving that his alcohol abuse was not material to the finding of disability, and thus, he was required to prove that in the absence of alcohol abuse, he would still be disabled. 20 C.F.R. §§ 404.1535 & 416.935. Plaintiff points to no evidence in the record to support his assertion that a major non-exertional disorder, bipolar illness, independently restricts his vocational capability. Memorandum of Argument (#12), at 6. Instead, the ALJ supported his findings with discussion of plaintiff's daily activities, the medical evidence, and the medical expert examinations and opinions regarding Plaintiff's conditions and limitations. Tr., at 21-27. The ALJ properly relied on expert evidence in finding that plaintiff's impairments did not pose significant limitations in the absence of alcohol abuse. Johnson v. Barnhart, 434 F.3d 650, 658-59 (4th Cir. 2005).

Plaintiff's submission of the SOFAS from the DSM-IV suggests that court should somehow reconsider the evidence.[3] A reviewing court cannot, however,

---

[3] According to the Diagnostic and Statistical manual of mental Disorders: DSM-IV-TR(American Psychiatric Association 2000),
> The SOFAS is a new scale that differs from the Global Assessment of Functioning (GAF) Scale in that it focuses exclusively on the individual's level of social and occupational functioning and is not directly influenced by the overall severity of the individual's psychological symptoms. Also in contrast to the GAF Scale, any impairment in social and occupational functioning that is due to general medical conditions is considered in making the SOFAS rating. The SOFAS is usually used to rate functioning for the current period (i.e., the level of functioning at the time of the evaluation). The SOFAS may also be used to rate functioning for other time periods. For example, for some purposes it may be useful to evaluate functioning for the past year (i.e., the highest level of functioning for at least a few months during the past year).

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id., at 653.

> It is immaterial that evidence before [the ALJ] will permit a conclusion inconsistent with his [citation omitted]. If his findings are supported by substantial evidence, the courts are bound to accept them.

Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). Plaintiff has not demonstrated that he was more limited than ultimately found by the ALJ.

Finally, plaintiff has also referenced the court to a decision from this district, Mitchell v. Apfel, 19 F. Supp. 2d 523 (W.D.N.C. 1998)(Potter, J. (now deceased) adopting recommendation of Horn, M.J.). Plaintiff cites such case in support of his assignment of error that "ALJ Hild improperly applied 42 USCA 423(d)(2)(c)." Memorandum of Argument (#12), at 5. In Mitchell, the district court addressed Section 423(d)(2)(C) based on a constitutional challenge, wherein plaintiff contended that Section 423(d)(2)(C) (enacted by Congress as part of the *Contract with America Advancement Act of 1996* ) violated the due process and equal protection provisions of the United States Constitution. The district court found to the contrary, holding as follows:

> the only question before the Court is whether this provision, and its attendant regulations for implementation, are rationally related to a legitimate government interest.

> The statute on its face does not expressly set forth the objective of this provision. However, the Government has cited two legitimate goals of the statute which are readily discernable from its language and operation: reducing substance abuse and conserving scarce budgetary resources....Moreover, these two goals are evident from a review of the only legislative history drawn to the undersigned's attention by the parties.
>
> * * *
>
> Deterrence of substance abuse is a patently legitimate governmental interest-indeed, one that the federal and state governments enact all sorts of laws to further. It is incongruous to suggest that the government can criminalize drug possession and trafficking, or driving under the influence of alcohol, but is somehow not permitted to offer or withhold noncontractual benefits in a manner designed to discourage abuse of drugs or alcohol.
>
> * * *
>
> Thus, the legitimacy of the government's interest in deterring substance abuse-whether by means of the criminal law or of the allocation of welfare or social security benefits-cannot seriously be questioned.
>
> * * *

Id., at 528-29 (footnote and citations omitted). Assuming that plaintiff is also attempting to challenge the constitutionality of such provision, the decision in Mitchell is inapposite to plaintiff's argument.

Finally, Mitchell in no way supports plaintiff's final argument that the ALJ erred by "concluding that the Plaintiff could stop his addictive binge behavior . . . ." Memorandum of Argument (#12), at 5. Plaintiff fails to cite the court to the page of the ALJ's decision where the ALJ "conclud[ed] that the Plaintiff could stop his addictive binge behavior . . . ." Id. Close review of the decision reveals no such

conclusion by the ALJ; instead, the ALJ made five formal findings of fact to the effect that "<u>if</u> the claimant stopped the substance abuse . . . ." See Tr., at 26-28 (Findings 5-9). By using the subjunctive form, the ALJ did not "conclude" that plaintiff could stop abusing alcohol. Indeed, such is not required:

> (C) An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. 423(d)(2)(C). Whether plaintiff actually has the ability to overcome his addiction is irrelevant. What the ALJ is charged with determining is plaintiff's functional ability in the absence of alcohol abuse. 20 C.F.R. §§ 404.1535, 416.935. Plaintiff has shown no error in the ALJ's analysis, such analysis is wholly consistent with current law including <u>Mitchell</u>, and is supported by substantial evidence of record.

### E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v.</u>

15

<u>Perales</u>, supra, the undersigned must recommend to the district court that plaintiff's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and that the decision of the Commissioner be affirmed.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, be **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#11) be **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#15) be **GRANTED**;

(4) plaintiff's Motion to Receive New and Material Evidence (#13) be **DENIED**; and

(5) this action be **DISMISSED**.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 31, 2011

Dennis L. Howell
United States Magistrate Judge