# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv467

| | |
|---|---|
| **MICHAEL ARTHUR JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 11 and 15], the Magistrate Judge's Memorandum and Recommendation [Doc. 18], the Plaintiff's Objections thereto [Doc. 19], and the Defendant's Reply [Doc. 20] regarding the disposition of those motions.

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the district court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On March 31, 2011, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 18] in this case containing proposed conclusions of law in support of a recommendation regarding the motions. [Docs. 11 & 15]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Within the period for filing objections, Plaintiff filed his Objections to the Memorandum and Recommendation. [Doc. 19].

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Memorandum and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the Commissioner's decision.

## I.   BACKGROUND

Plaintiff does not lodge any specific objections to the facts or procedural history section contained in the Memorandum and Recommendation, and, upon de novo review, those findings appear to be substantially supported by the record. Therefore, the portions of the Memorandum and Recommendation entitled "Administrative History" and "Factual Background" are hereby adopted and incorporated by reference as if fully set forth herein.

## II.   STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters

pending before the court to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Thus, when a Plaintiff's Objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations, or merely restates the arguments previously made to the Magistrate Judge, then no *de novo* review is required. Id. at 47. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of a magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

## III. DISCUSSION

Comparing the Plaintiff's filed objections with the issues stated in the Memorandum he filed in support of his Motion for Summary Judgment, the Court finds the objections to "simply summarize[ ] what has been presented before." He simply "suggest[s] that the evidence is directly to the contrary" of the Magistrate Judge's proposed findings, without citing to the purported evidence or making any legal argument. [Doc. 19 p. 2]. Because the Plaintiff has failed to make specific non-repetitive objections, the Court is not obligated to conduct a de novo review of the Magistrate Judge's proposed findings and conclusions.

None of Plaintiff's objections direct the Court to a specific error in the Memorandum and Recommendation; as such, they must be overruled. Orpiano, 687 F.2d at 47 (4th Cir. 1982).

The Court has carefully reviewed the Memorandum and Recommendation and finds that the proposed findings and conclusions of the Magistrate Judge and the recommended disposition of this case are supported by the record and the law.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the

4

Commissioner's decision denying disability benefits was based on substantial evidence.

The Court notes that both Plaintiff's underlying brief [Doc. 12] and his Objections [Doc. 19] manifest a misapprehension on the part of counsel regarding the standard of review to which a federal district court is constrained. These documents present a boilerplate statement of general legal principles, and an impassioned reiteration of the best facts from his case, rather than asserting errors of law, at least with any specificity. In other words, his briefs demonstrate that counsel expects *de novo* factual review.[1] Unlike what the Agency offers with its reviews (reconsideration and the ALJ hearing), the District Court is not empowered to ignore the opinion of the adjudicator below and impose its own opinion about a claimant's qualification for benefits. This Court can only examine the record that was before the ALJ. If substantial evidence supported the ALJ's decision, this Court is constrained to affirm it regardless of the possibility that reasonable minds may differ on the same evidence.

---

[1] The Magistrate Judge specifically noted that Plaintiff's arguments demonstrate an expectation of de novo review. [Doc. 18 p. 6]. Counsel's filing new and material evidence motions in most of his cases, and particular submissions in one recent case suggest he has a practice of requesting the latest medical records of a claimant during the pendency of a federal district court appeal, in search of something to bolster his case. Since the district court only reviews what was before the ALJ, such a practice compels the conclusion that counsel mistakenly believes *de novo* review is the applicable standard.

# **ORDER**

Accordingly, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 19), **ADOPTS** the Memorandum and Recommendation (Doc. No. 18), **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 15), **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 11), and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED**.

Signed: May 16, 2011

Martin Reidinger
United States District Judge