IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv467

| | |
|---|---|
| MICHAEL ARTHUR JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

This matter is before the Court on the Plaintiff's document entitled "Motion for Relief from Judgment of Order Pursuant to Rule 60, Federal Rules of Civil Procedure." [Doc. 24]. For the reasons stated below, this Motion and Plaintiff's earlier Motion for Stay of Proceedings [Doc. 21] will be denied.

Procedural History

The instant case is an appeal of the final decision of an Administrative Law Judge (ALJ) for the Social Security Administration, denying Plaintiff's claim for disability benefits. With his Motion for Summary Judgment, he submitted materials that were not before the ALJ. [Doc. 12-1 through 12-4].

He simultaneously filed an erroneously denominated "Consent[1] Motion for Receipt of New and Material Evidence." [Doc. 13]. That motion was substantively discussed [Doc. 18 p. 5-8] in Judge Howell's Memorandum and Recommendations (M&R). The M&R was entered March 31, 2011 recommending denial of the motion. [Doc. 18]. Plaintiff filed Objections on April 18, 2011 [Doc. 19] and Defendant filed a Reply thereto on May 5, 2011. [Doc. 20]. The M&R was adopted by the undersigned in an Order that was signed on May 12, 2011. The Plaintiff filed a Motion for Stay of Proceedings also on May 12, 2011. Partly as a result of the intervening weekend, the Court's Order was not entered on the docket by the Clerk until May 17, 2011. [Doc. 22].

The instant Motion urges the Court's consideration of a favorable decision in a separate Social Security disability claim filed after the decision that is the subject of this appeal. The two decisions that are at issue herein were issued by different ALJs.

## Analysis

Relief under Rule 60 may be available to movants who can show, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

---

[1] Defendant did not, in fact, consent.

time to move for a new trial. . .; (3) fraud; (4) voidness of the judgment; (5) satisfaction, release or discharge; or (6) any other reason that justifies relief. Fed.R.Civ.P. Rule 60.

Counsel has specified that the motion is being made under Rule 60(b)(2). This requires a showing that evidence (here, the subsequent decision by ALJ Spidel) constitutes "newly discovered evidence." Since Judge Spidel's decision was, by Plaintiff's own admission [Doc. 24 p. 2], based on evidence that this same counsel submitted in that proceeding, and it pertains to an examination that was undertaken more than a year before Plaintiff filed his motion, it can hardly be said to be "newly discovered" evidence.

Having shown no allowable grounds for relief from the May 17, 2011 judgment of this Court, Plaintiff's Motion [Doc. 24] will be denied.

Instead of specifying allowable grounds under Rule 60, Plaintiff urges review of Judge Spidel's findings as "new and material evidence" on the basis that he specifically cited to Dr. Peterson's May 13, 2010 consultation in allowing benefits to the Plaintiff.

That May 13 consultation has already been reviewed and rejected as new and material evidence by this Court. It was the centerpiece of the hospital record [Doc. 12-1] referenced in Plaintiff's new and material evidence

3

motion [Doc. 13]. That evidence was discussed in the M&R and, under the applicable standard of review, deemed immaterial due to its remoteness in time from the decision under appeal. [Docs. 18, 22]. It has not gained materiality with the further passage of time. Judge Spidel's reliance on it in a case relating to a different time period does not enhance the materiality of a May 2010 consultation to the December 24, 2008 decision in question here. Counsel offers no suggestion why it should. It is noted that counsel has previously, in other matters, submitted a later favorable decision, or other document, to the court under the caption "Motion for New and Material Evidence" without articulating the elements which make evidence "new" or "material," or discussing with any accuracy or specificity how his particular evidence fulfills those elements. This Court is not *required* either to consider additional evidence or to remand a case to the ALJ when the additional evidence being submitted by Plaintiff is being presented for the first time to the reviewing court but could have been presented earlier. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996)(emphasis added). Under 42 U.S.C. § 405(g), late presentation of new evidence warrants remand only if it is material and good cause for the late submission of the evidence. In Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93 (4th Cir.1991), the Fourth Circuit observed, late evidence may be considered "if the additional

4

evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Good cause for not submitting it earlier must also be shown. Id. at n. 3. Evidence is new within the meaning of this section if it is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Id. at 95-96. To be material, new evidence does not have to have existed during the period under consideration by the instant cases' ALJ, but it must relate to that period. *See* Bradley v. Barnhart. 463 F.Supp.2d 577 (S.D.W.Va. 2006). It must "bear directly and substantially on the matter in dispute." Bruton v. Massanari, 268 F.3d 824 (9th Cir.2001)

Rather than discussing these elements, in his submissions of new evidence counsel implies or, as here, states [Doc. 24 p. 4] his belief that some unspecified Agency regulation automatically confers a remand upon any pending case where the appealing Plaintiff gets a later favorable ALJ decision. The risk inherent in not providing the citation to a referenced regulation is fully realized here: there is no such regulation. *See e.g.,* Bruton at 827, Szubak v. Secretary of Health and Human Services, 745 F.2d 831 (3d Cir. 1984).

Counsel's practice of submitting new evidence, without any legal support therefor, in nearly all of his pending cases suggests a strategy of withholding evidence and/or generating later evidence with the hope that a

5

different reviewer will reach a favorable decision. This may be effective as a case progresses through the Agency's review stages, but no such "second bite at the apple" is available, without more, at the district court level. <u>Wilkins v. Secretary, Department of Health and Human Services</u>, 925 F.2d 769, 775 (4th Cir. 1991), *reversed on other grounds*, <u>Wilkins v. Secretary, Department of Health and Human Services</u>, 953 F.2d 93 (4th Cir.1991).

Finally, the Court will address Plaintiff's Motion to Stay [Doc. 21], which he asserts has not yet been decided. As it was made solely to await the ALJ decision that relied on evidence that was determined immaterial before that motion was filed, that motion will be denied as moot *nunc pro tunc*.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion under Rule 60 [Doc. 24] is **DENIED**.

**IT IS FURTHER ORDERED** that his Motion to Stay [Doc. 21] is **DENIED** as moot *nunc pro tunc.*

Signed: July 12, 2011

Martin Reidinger
United States District Judge